UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **RHONDA M. GUY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-2160** |
| **UNITES STATES DEPARTMENT OF HOMELAND SECURITY** | **SECTION: "H"(1)** |


## ORDER AND REASONS

Before the Court is Defendant's Motion for Summary Judgment (Doc. 31). For the following reasons, the Motion is GRANTED, and this case is DISMISSED WITH PREJUDICE.

## BACKGROUND

Plaintiff filed this employment discrimination action *pro se.* The Federal Emergency Management Agency ("FEMA") employed Plaintiff as an Applicant Services Specialist. Plaintiff was hired in the pay grade GS-9 but was informed that the position provided for the opportunity to be

1

promoted to GS-11 after one year.  After her one year anniversary, Plaintiff inquired about a promotion to GS-11.  Plaintiff eventually received the promotion.  However, she claims that the promotion occurred more than one year after she was first eligible for it.  Plaintiff alleges that she was unfairly denied a timely promotion because, contemporaneously with the denial, she was actively engaged in a practice of complaining about poor decisions made by FEMA management.  Plaintiff initially filed a complaint with the Equal Opportunity Employment Commission ("EEOC") alleging that she was subjected to racial discrimination, and that FEMA retaliated against her because she opposed unlawful employment practices.  During the EEOC process, Plaintiff denied, both via affidavit and deposition, that she was subjected to racial discrimination.  Instead, she claimed that her promotion was unfairly delayed because of her complaints about management.  Furthermore, Plaintiff claims that she was retaliated against because she complained to management about what she described as "very poor decisions [which] were made my managers."[1]  After the EEOC denied her claim, Plaintiff filed the instant suit.  Defendant now seeks summary judgment on all of Plaintiff's claims.[2]

---

[1] Plaintiff's two claims are, for all practical purposes, the same.  Nonetheless, the Court will treat them as two separate causes of action in deference to Plaintiff's *pro se* status.

[2] Defendant's Motion was styled "Motion to Dismiss and Motion for Summary Judgment."  To the extent Defendant seeks to dismiss Plaintiff's claims under Rule 12(b)(6), that motion is converted to a motion for summary judgment because Defendant has attached matters outside the pleadings, which the Court chooses not to exclude.  *See* Fed. R. Civ. P. 12(d).  The Court further finds that both parties have received adequate notice that this Motion might be converted because both parties have attached matters outside the pleadings.

**LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56© (2012).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528 (5th Cir. 1997).  "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof

at trial." *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion." *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

**LAW AND ANALYSIS**

It is well-settled that Title VII does not prohibit all arbitrary employment practices. Rather, "[i]t is directed only at specific impermissible bases of discrimination race, color, religion, sex, or national origin." *Garcia v. Gloor*, 618 F.2d 264, 269 (5th Cir. 1980); *see also* 42 U.S.C. § 2000e-2. Thus, in order to establish a prima facie case of discrimination a Plaintiff must, at a minimum, allege a causal relationship between her membership of a protected class and the discriminatory action.

Plaintiff's claim that she was discriminated against when her promotion was unfairly

4

delayed is not cognizable under Title VII because she does not claim that her promotion was delayed because she is a member of a protected class. While Plaintiff is African-American, Plaintiff specifically denies that her promotion was delayed because of her race. Specifically, in her deposition, which was attached to the complaint, Plaintiff was asked "So you're not alleging that you were discriminated against on the basis of race?" Her answer was "No."

Even when Plaintiff's complaint is afforded the liberal construction to which it is entitled, *see Dawkins v. Nabisco, Inc.*, 549 F.2d 396, 397 (5th Cir. 1977), it is clear that she is not asserting a cognizable Title VII claim. Plaintiff alleges that her promotion was arbitrarily delayed because of her complaints about management. Simply put, this type of workplace treatment, even if proven at trial, is not prohibited by Title VII. Because Plaintiff cannot even allege, much less prove, that her delay in receiving the promotion was caused by the type of discrimination prohibited by Title VII, her discrimination claim must be dismissed.

Plaintiff's remaining claim is that she was retaliated against because she complained about several FEMA managers. "Title VII's antiretaliation provision forbids employer actions that discriminate against an employee (or job applicant) because he has opposed a practice that Title VII forbids or has made a charge, testified, assisted, or participated in a Title VII investigation, proceeding, or hearing." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 59 (2006). "A retaliation claim has three elements: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal

connection exists between that protected activity and the adverse employment action." *Brazoria Cnty., Tex. v. E.E.O.C.*, 391 F.3d 685, 692 (5th Cir. 2004).

Plaintiff cannot show that she engaged in an activity protected by Title VII. She alleges that she was retaliated against because she complained about poor decisions made by management, poor management structure, and a general lack of experience among the FEMA managers. Notably, Plaintiff does not allege that FEMA engaged in any activity which is prohibited by Title VII, much less that she complained about such activity. Furthermore, the Court cannot find any evidence in the record which would support such an allegation even one were made. Therefore, Plaintiff's retaliation claim must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion is GRANTED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 24th day of March, 2014.

JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE